**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. __21CV2384________________________

JESSE BOILING, MINOR and
CINDY BOILING, CUSTODIAL GUARDIAN OF MINOR
Plaintiffs,

v.

COLORADO SPRINGS SCHOOL DISTRICT NO. 11 FACILITIES CORPORATION,

MICHAEL THOMAS, SUPERINTENDENT, COLORADO SPRINGS DISTRICT NO. 11 FACILITIES CORPORATION, individually and in his official capacity.

ELROY CORMIER, SECURITY STAFF, COLORADO SPRINGS SCHOOL DISTRICT NO. 11 FACILITIES CORPORATION, individually and in his official capacity

BRIAN KING, DEAN OF STUDENTS, COLORADO SPRINGS SCHOOL DISTRICT NO. 11 FACILITIES CORPORATION, individually and in his official capacity

BRIAN HARGROVE, MITCHELL HIGH SCHOOL EMPLOYEE, COLORADO SPRINGS SCHOOL DISTRICT NO. 11 FACILITIES CORPORATION, individually and in his official capacity

Defendants.

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS**
**JURY TRIAL DEMANDED**

---

Mr. Boiling, minor and his custodial guardian, Cindy Boiling, through counsel, as and for their COMPLAINT against Defendants, alleges the following:

## I. INTRODUCTION

This is a declaratory judgment and civil rights action to enforce Plaintiff's fundamental

rights under 28 U.S.C. § 1331, 1343, 42 U.S.C. § 1983,1988 and the Fourth and Fourteenth Amendments to the United States Constitution and under the common law of Colorado and the Colorado Constitution against the above-named Defendants.

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States and the State of Colorado and is brought pursuant to Title 42 U.S.C. § 1983 and the common law of the State of Colorado. This Court has subject-matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. 1988.
2. The Defendants are all public officials or other Colorado Springs School District 11 Facilities Corporation. Each of the Defendants resides within this District and/or performs official duties within the State of Colorado. This Court, accordingly, has personal jurisdiction over each of the Defendants.
3. Venue is proper in the District of Colorado pursuant to 28 U.S.C. 1391(b). All the events alleged occurred within the State of Colorado, and all the parties were residents of the State of Colorado at the time of the events giving rise to this litigation. Defendants perform their official duties in the District of Colorado, and the events and omissions giving rise to plaintiff's claims occurred in this District.
4. Plaintiff filed a timely Notice of Claims with the proper parties pursuant to *C.R.S.* § 24-10-101 *et. seq*.

## III. PARTIES

### Plaintiff

5. The Plaintiff, Mr. Boiling, minor, is a citizen and resident of Colorado Springs, El Paso County, State of Colorado. Cindy Boiling, his custodial guardian, is also a citizen of Colorado and resident of Colorado Springs, El Paso County, State of Colorado.

### Defendants

6. Defendant, Colorado Springs School District No. 11 Facilities Corporation is a Non-Profit corporation and registered to operate in the state of Colorado, here-in *Defendant School District 11.*

7. Defendant, Michael Thomas, is Superintendent of Colorado Springs School District No. 11 Facilities Corporation, individually and in his official capacity. He is a citizen and resident of Colorado. At all times material to the allegations in this Compliant was acting under the color of state law. Herein after referred to as *Defendant Thomas.*

8. Defendant, Elroy Cormier, is a citizen and resident of El Paso County, Colorado, and was, at all times material to the allegations in this Complaint, acting in his capacity as a Security Staff Officer employed by Defendant School District 11, Colorado and was acting under color of state law. Elroy Cormie is sued in his official and individual capacities. Herein after referred to as *Defendant Cormier.*

9. Defendant, Brian King, is a citizen and resident of El Paso County, Colorado, and was, at all times material to the allegations in this Complaint, acting in his capacity as Dean of Students at Mitchel High School, employed by Defendant School District 11, Colorado and was acting under color of state law. Brian King is sued in his official and individual capacities. Herein after referred to as *Defendant King.*

10. Defendant, Brian Hargrove, is a citizen and resident of El Paso County, Colorado, and was, at all times material to the allegations in this Complaint, acting in his capacity as an employee of Defendant School District 11, Colorado and was acting under color of state law. Brian Hargrove is sued in his official and individual capacities. Herein after referred to as *Defendant Hargrove.*

## II. STATEMENT OF FACTS

11. The claims of the above-described minor claimant arose out of a humiliating unauthorized strip search conducted by Security Staff Elroy Cormier. On September 13, 2019 Jesse Boiling was in the boys' locker room at Mitchell High School. Jesse Boling was known by school staff to be on the Autism spectrum and was in an IEP for special needs. Jesse was with two other students. All three students were contacted by Security Staff Elroy Cormier. Mr. Cormier escorted all three students to Dean Byron King's Office.

12. Present in the office were Jesse Boling, Mr. Cormier, Dean King, Brian Hargrove and the other two students. The students' backpacks were searched, and no items of contraband were found in Jesse's backpack. Undeterred Mr. Cormier instructed Jesse to take off his socks and shoes. When that failed to uncover any illegal items, Mr. Cormier instructed Jesse to remove his shirt and pull his pants to his knees.

13. It was apparent to all in the room including Mr. Cormier, Mr. Hargrove and Dean King, that Jesse was confused and scared by this request. It should have been apparent to all the adults in the room any suspicious demeanor on behalf of Jesse was likely caused by his spectrum disorder. Nevertheless because of the show of authority by all of the adults in the room, Jesse complied with the request.

14. When this failed to produce any items of contraband, Mr. Cormier became angry. Mr.

Cormier instructed Jessie to drop his underwear. Jesse was shocked and embarrassed by the request. The embarrassment was increased because the other student was in the room. When Jesse hesitated, Mr. Cormier became more aggressive in his demand that Jesse pull his underwear down. He was instructed 4 or five times to follow Mr. Cormier's commands. Finally, humiliated, Jesse complied with the demand and lowered his boxer shorts. No contraband was found because Jesse was never in possession of any. Despite Jesse having done nothing wrong, Dean King punished him with in-school detention.

15. It is apparent by Dean King's and others failure to intervene and/or failing to voice or report the activities as being in clear violation of school policy, contrary to protocol established for the claimed examinations or searches, or otherwise acquiesced in or ignored the improprieties, thereby not only contributing to the environment that caused the offense and, in effect, legitimizing the strip search; indeed, but for the acts and omissions of the school employees and officials in either allowing and/or failing to report or intervene as the circumstances warranted, Jesse Boling was rendered incapable of making attempts to protect himself from what must have seemed wrong to him; but the presence and cooperation of regular school officials could only serve to make the claimant believe the invasion of his bodily integrity was proper. Plaintiff has suffered actual physical and emotional injuries and other damages and losses as described, entitling him to compensatory and special damages, in amounts to be proven at trial.

16. Plaintiff has incurred special damages, including medically related expenses and will continue to incur further medical and other special damages, related expenses, in amounts to be proven at trial.

17. Plaintiff is further entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. §

1988, pre-judgment and post judgment interests and costs allowable by federal and state law.

18. In addition to compensatory, economic, consequential, and special damages, Plaintiff may be entitled to punitive damages (which may be pled through amendment at the appropriate time) against all Defendants under 42 U.S.C. § 1983.

## V. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**(42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violation – Unlawful Search)**

(Against Cormier, Hargrove and King)

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff had a constitutionally protected right to be secure in his person against unreasonable intrusions into and searches of his body.

21. Mr. Cormier's strip search of Mr. Boiling violated his Constitutional rights. The search was not supported by even reasonable suspicion and was clearly excessive in its scope.

22. Mr. Hargrove and Mr. King were complicit in the illegal search of Mr. Boiling. Mr. Hargrove and Mr. King clearly recognized that their presence lent legitimacy to the strip search in the eyes of Mr. Boiling.

23. As a direct and proximate cause and consequence of Mr. Cormier, Mr. Hargrove, and Mr. King's violation of Plaintiff's rights under the Fourth and Fourteenth Amendment, Plaintiff suffered injuries in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Constitutional Failure to Train and/or Supervise)**

(Against Defendant's Colorado Springs School District 11 and Thomas)

24. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

25. Defendants Colorado Springs School District 11 and Mr. Thomas developed and maintained policies, procedures, customs, and/or practices exhibiting or resulting in a deliberate indifference to the Fourth and Fourteenth Amendment protected constitutional rights of persons in School District 11, which proximately caused the violation of Plaintiff's constitutional rights. Specifically, the School District and Mr. Thomas failed to properly train its staff in relation to the appropriateness of strip searches.

26. Defendants Colorado Springs School District 11 and Thomas maintained policies, procedures, customs, and/or practices that tacitly or explicitly authorized unlawful searches executed with excessive force, and failures to intervene, by members of the School District, including but not limited to, the failure to train on at least the following: respecting the Fourth and Fourteenth Amendments rights of students to be secure in their bodies. Only a few years before the School District had been put on notice of the constitutional requirements in relations to strip searches of students by the Joshua Carrier case at Horace Mann Middle School.

27. In light of the duties and responsibilities of those law enforcement officers that participate in executing searches of students the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional rights such as those describe herein.

28. Defendants Colorado Springs School District 11 and Thomas are liable for their failure to train and to appropriately supervise officers of the District 11.

29. The inadequate training and supervision provided by Defendants Colorado Springs School District 11 and Thomas resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available.

30. If any training was given to Mr. Cormier, Hargrove, and King concerning the rights of students to be secure in their body Defendants Colorado Springs School District and Thomas knew or should have known that such training was reckless or grossly negligent and that misconduct in this area was almost inevitable.

31. Defendants Colorado Springs School District 11 and Thomas have a duty to protect the constitutional rights of the members students from violations of those rights by members of the school.

32. As a direct and proximate cause and consequence of Defendants Colorado Springs School District 11 and Thomas's failure to train and supervise, Plaintiff suffered injuries, damages, and loses as set forth above.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. sec. 1983 Fourteenth Amendment- Substantive Due Process-Invasion of Bodily Integrity**

(Against All Defendants)

33. Plaintiffs hereby incorporates all other paragraphs of the Complaint as if fully set forth herein.

34. By strip searching Mr. Boiling, Mr. Cormier violated his right to be secure in his bodily integrity, a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.

35. Defendants Hargrove, King, Thomas and School District 11 recklessly, with conscious disregard to the serious and obvious risk to the safety of students like Mr. Boiling, violated his rights to be secure in his bodily integrity by allowing the strip search to occur.

36. Defendants Hargrove, King, Thomas and School District 11 failed to properly and effectively train, supervise, and or/discipline their employees, including Mr. Cormier, regarding

sexual abuse of students. This resulted in an unconstitutional invasion of Mr. Boiling's bodily integrity and a deliberate indifference to the substantial risk of serious harm to Mr. Boiling.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against each of the Defendants, and award him all relief allowed by law, including but not limited to the following:**

(a) Appropriate relief at law and equity;

(b) Declaratory relief and other appropriate equitable relief concerning the unconstitutionality of Defendants' actions as described herein;

(c) Economic losses on all claims as allowed by law;

(d) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(e) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(f) Attorney's fees and costs associated with this action, including expert witness fee, on all claims allowed by law;

(g) Pre- and post-judgment interest at the appropriate lawful rate;

(h) Any further relief that this court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

/s Josh Tolini
Joshua Tolini
720 S. Tejon Street
Colorado Springs, CO 80903
(719) 227-0230
Attorneys for Defendants